**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**FORT WORTH DIVISION**

| | | |
|---|---|---|
| LONGHORN PUBLIC ADJUSTERS, LLC, Individually and on behalf of all similarly situated individuals, | § | |
| *Plaintiffs,* | § | |
| | § | CIVIL ACTION No.________________ |
| vs. | § | |
| CARDCONNECT, LLC | § | |
| *Defendant.* | § | |

**CLASS ACTION COMPLAINT**

Plaintiff, LONGHORN PUBLIC ADJUSTERS, LLC ("Plaintiff" or "Longhorn"), individually and on behalf of all others similarly situated, through the undersigned counsel, files this Class Action Complaint against Defendant, CARDCONNECT, LLC ("Cardconnect"). Plaintiff states the following:

## I. NATURE OF THE ACTION

1. Plaintiff brings this class action against Defendant Cardconnect to recover damages and other relief available at law and in equity on behalf of itself, as well as on behalf of other similarly situated members of the class (the "Class"), to rectify Defendant's inequitable and unconscionable conduct detailed herein.

2. This action stems from Cardconnect's widespread business practice of unlawfully withholding and converting funds from its clients' financial accounts, without cause and without any fair or due process through Cardconnect's service, "Cardpointe."

3. Utilizing Cardpointe, Cardconnect places a "hold" on users' funds in their Cardpointe accounts. Cardconnect failed to inform Plaintiff and other members of the class of the reason(s) for the actions Cardconnect has taken.

4. Cardconnect operates the CardPointe online payment processing platform. As part of this platform, users such as Plaintiff and the other class members maintain account balances which includes funds the users have transferred into the CardPointe platform as well as money sent to the users by customers and other users. These funds belong to the users, not Defendant.

5. Nevertheless, Defendant have engaged in the business practice of unilaterally freezing some or all of its users' funds to generate short term investment profits without notice to its consumers.

6. When users, such as Plaintiff and other class members, sign up to use CardPointe's services they sign an agreement (the "Agreement"). The Agreement states the various fees users will be charged in exchange for using CardPointe's payment processing services but is silent as to any authority Cardconnect has to unilaterally withhold funds from users for extended periods of time.

7. When Cardconnect informs individuals, whose funds are being held of the holds, it does not inform such users why such funds are being withheld, how they can obtain a release of the hold, and/or how they can avoid future holds being placed on their accounts.

8. The Agreement between Plaintiff and Defendant, requires, at minimum, notice to users of any holds placed on their accounts that includes both the reason for the hold and an opportunity to request restoration of access to the withheld funds. Defendant's "notice" falls far short of what is required. As a result, Plaintiff and the Class had no idea why their money is "held" by Defendant.

9. CardPointe's Agreement cannot be used as a "license to steal" or a license to withhold customer funds in order for Defendant to reinvest and make money off those unauthorized funds. There is no equitable or legal argument which condones theft.

## II. JURISDICTION AND VENUE

10. This Court has jurisdiction over this action pursuant to the Class Action Fairness Act of 2005, and 28 U.S.C. § 1332(d)(2), because this is a class action where a substantial number of the members of the proposed class of plaintiffs are citizens of a state different from Defendant and the aggregated amount in controversy exceeds $5,000,000, exclusive of interest and costs.

11. This Court has personal jurisdiction over Defendant because it regularly solicits and conducts the business at issue in this Complaint within the State of Texas.

12. Venue is proper in this District pursuant to 28 U.S.C. § 1391, because a substantial part of the events giving rise to the claims asserted herein occurred in the Northern District of Texas, and specifically the County of Tarrant, where Plaintiff is domiciled and where Defendant conducts extensive business.

13. This Court has jurisdiction over Plaintiff's related state and common law claims pursuant to the doctrine of supplemental jurisdiction, 28 U.S.C. § 1367.

14. Venue is proper in this District pursuant to 28 U.S.C. §1391(b)(2) because a substantial part of the events or omissions giving rise to Plaintiff's claims occurred within this judicial district.

## III. THE PARTIES

15. Plaintiff Longhorn is a Texas limited liability company. Longhorn is a member of the putative class defined herein, and has been a CardPointe user since on or around May of 2022. All of Longhorn's members are citizens of Texas.

16. Defendant Cardconnect is a Delaware limited liability company with its principal place of business located at 1000 Continental Dr #300, King of Prussia, PA 19406, and is a citizen of Pennsylvania.

## IV. FACTUAL BACKGROUND

### A. The CardPointe Financial Platform

17. Defendant Cardconnect, LLC ("Cardconnect") operates "CardPointe," a digital payment platform with an estimated six million active account holders worldwide.

18. CardPointe allows users make online money transfers to other users, serving as an electronic alternative to traditional paper methods such as cash, checks, and money orders. The platform also operates as a payment processor for online vendors, auction sites, and other commercial entities.

19. CardPointe enables users to maintain account balances into which they may deposit funds from other banks, receive payments from other CardPointe users, or receive customer payments directly.

20. Vendors and service providers can use CardPointe to receive customer payments into their accounts for later withdrawal or transfer.The funds held in CardPointe accounts belong to the users, not Defendants, and are maintained for the benefit of those users.

21. Despite this, Cardconnect has engaged in the routine practice of wrongfully placing "holds" on user accounts without prior notice, without cause, and without affording users any fair or reasonable process to contest or remove the holds.

22. When users attempt to obtain assistance, they encounter unresponsive or inaccessible customer service. In the unlikely event the user can reach a live customer support agent of Cardconnect, the employee is typically either unable or unwilling to provide any meaningful information about the hold or a reasonable means of removing it.

## B. Allegations of Named Plaintiff and Class

### *1. Longhorn Public Adjusters*

23. Plaintiff Longhorn Public Adjusters ("Longhorn") is a small business based in Texas that opened its CardPointe account in or around May 2022.

24. Longhorn has used CardPointe primarily to process payments from its customers.

25. Since approximately August 2023, Cardconnect has wrongfully withheld approximately $40,000 of Longhorn's customer payments.

26. These funds have been frozen for over a year without any legitimate justification provided by Defendants.

27. Longhorn has repeatedly emailed Cardconnect to demand release of the funds but has never received a substantive response.

28. Longhorn has also called Cardconnect numerous times but has been unable to reach any employee with authority or willingness to address the matter.

29. Upon information and belief, Defendants engage in this same conduct with numerous other CardPointe users, holding funds for extended periods in order to profit from the use or investment of those funds.

30. These holds are implemented systematically without disclosing the reasons to affected users, without providing a process to secure release of the funds, and without notice sufficient to satisfy applicable law.

31. When users register for CardPointe, they sign an agreement (the "Agreement") setting forth applicable fees for payment processing.

32. The Agreement does not authorize Cardconnect to unilaterally freeze user funds for extended periods without cause.

33. The Agreement also does not grant Defendants the right to convert, invest, or otherwise use customer funds for Defendants' own benefit.

34. Defendants' conduct violates the Texas Deceptive Trade Practices Act ("DTPA") by engaging in false, misleading, and deceptive acts or practices in the course of trade and commerce, including failing to disclose material information regarding account holds and misrepresenting the nature of the services provided, all of which were uniformly directed at Plaintiff and the Class.

35. Defendants' actions also constitute conversion because they have exercised dominion and control over funds belonging to Plaintiff and the Class in a manner inconsistent with the owners' rights.

36. Defendants have further breached the Agreement by failing to make user funds available as promised and by failing to provide notice and justification for withholding such funds, a breach that arises from the same standardized Agreement used with all Class members.

37. Defendants have breached their fiduciary duties by holding funds in trust for users, yet failing to safeguard those funds, failing to act in the users' best interest, and instead using those funds for their own profit.

38. Defendants have been unjustly enriched by retaining and profiting from funds that belong to Plaintiff and the Class.

39. As a result of Defendants' wrongful acts and omissions, Plaintiff and the Class have suffered actual damages, including loss of access to their funds, loss of business opportunities, and the time and expense of attempting to secure the release of their money, injuries that are common to all members of the Class.

40. Plaintiff brings this action individually and on behalf of all others similarly situated to recover actual damages, exemplary damages, treble damages, restitution, attorneys fees and interest and all other relief permissible.

## V. CLASS ACTION ALLEGATIONS

41. This action satisfies the prerequisites for maintenance as a class action provided in Fed. R. Civ. P. 23, as set forth herein.

42. **Class Definition**. Plaintiff brings this action individually and on behalf of the following class of similarly situated persons (the "Class"), of which Plaintiff is a member:

> **All natural persons or legal entities who, within the applicable statutes of limitation, were CardPoint users and had funds withheld for an extended period of time without cause or notice.**

43. Excluded from the Class are Defendants and any of their respective officers, directors or employees, the presiding judge, Class counsel, and members of their immediate families, and persons or entities who timely and properly exclude themselves from the Class.

44. The members of the Class are so numerous and geographically dispersed throughout the United States and the entire world such that joinder of all members is impracticable. Plaintiff is informed and believes and thereon alleges that there are easily thousands of persons in the Class. The exact number and identity of Class members is unknown to Plaintiff at this time and can only be ascertained from information and records in the possession, custody or control of Defendants.

45. There are common questions of law or fact common to all members of the Class including, but not limited to, the following:

- Whether Plaintiff and each member of the Class were users of Cardconnect's CardPointe service;

- Whether Plaintiff and each member of the Class had some or all of their CardPointe funds unlawfully held for an extended period of time without justification or authorization.

46. The claims of Plaintiff are typical of the claims of the Class, in that they arise out of Defendants' uniform conduct and business practices.

47. Plaintiff will fairly and adequately protect the interests of the Class. Plaintiff has retained counsel who are competent and experienced in the prosecution of complex and class action litigation. The interests of Plaintiff are aligned with, and not antagonistic to, those of the Class and has suffered the same harm as the other members of the Class.

48. A class action is superior to all other available means of fair and efficient adjudication of the claims of Plaintiff and members of the Class. The injury suffered by each individual Class member is relatively small compared to the burden and expense of individual prosecution of the complex and extensive litigation necessitated by Defendants' conduct. It would be nearly impossible for members of the Class to individually redress the wrongs done to them in separate actions. Individualized rulings and judgments could further result in inconsistent relief for similarly situated individuals.

## TEXAS CAUSES OF ACTION

## COUNT I – CONVERSION

49. Plaintiff incorporates each and every paragraph of this Complaint by reference as fully stated in paragraphs 15-48, and further states and alleges as follows.

50. Under Texas law, conversion is defined as the "wrongful exercise of dominion and control over another's property in denial of or inconsistent with the [owner's] rights." *Waisath v. Lack's Stores, Inc.*, 474 S.W.2d 444, 446 (Tex.1971).

51. Plaintiff and the Class members owned, possessed, and had the exclusive right to control the funds deposited in their CardPointe accounts in accordance with the Agreement.

52. Defendant wrongfully and without authorization withheld these funds, placing unlawful "holds" on accounts and preventing users from accessing their own money.

53. Plaintiff and Class members demanded the release and return of the withheld funds, and Defendants failed and refused to do so.

54. Defendant had unfettered control over funds it wrongfully withheld and converted from their CardPointe accounts. As a result, Plaintiff and the Class members have suffered harm and seeks all actual, direct, and consequential damages, prejudgment interest including but not limited to loss of use of their funds, and lost business opportunities related to the unlawful conversion of Plaintiff and Class members monies.

**COUNT II – NEGLIGENCE**

55. Plaintiff incorporates each and every paragraph of this Complaint by reference as fully stated in paragraphs 15-54, and further states and alleges as follows.

56. Defendant owed Plaintiff and the other members of the Class a duty to exercise reasonably prudent and ordinary care in the receipt, handling, safeguarding, and timely release of funds deposited into CardPointe accounts.

57. Defendant violated this duty by negligently accepting funds from Plaintiffs and the other members of the class into CardPointe accounts and then placing unlawful and prolonged holds on those funds without cause, without providing timely or adequate notice, and without establishing a reasonable process for review or release.

58. Defendant further breached their duty by failing to disclose material information to Plaintiff and Class members regarding the circumstances under which funds could be withheld, the expected duration of such holds, and the steps, if any, were available to secure release of the withheld funds.

59. Such conduct, actions, and inactions were negligent in that Defendant failed to act as a reasonably prudent person would have under the same or similar circumstances, including, but not limited to, (a) withholding funds for unreasonable periods of time without justification; (b) failing to make disclosures regarding the impact on Plaintiffs and the other class members of skipping/delaying/deferring one or more transfers upon request by Plaintiff and the other class members without reason and for an unreasonable amount of time.

60. Each of the acts, inactions, omissions, and/or failures to provide notice or release of funds by Defendant were a direct and proximate cause of the damages suffered by Plaintiffs and the other members of the class; such damages incurred by Plaintiffs are in excess of the minimum jurisdictional requirements of this Court.

**COUNT III – BREACH OF CONTRACT**

61. Plaintiff incorporates each and every paragraph of this Complaint by reference as fully stated and/or set forth herein, and further states and alleges as follows.

62. Plaintiff and the Class members, and Defendant had a valid and enforceable contract.

63. Defendant breached the contract by failing to provide the financial services to Plaintiff as alleged above.

64. Plaintiff and the Class members performed all of the conditions precedent under the terms of the Agreement.

65. Defendant breached the Agreement by failing to provide the promised financial services, including by unlawfully withholding funds in CardPointe accounts belonging to Plaintiff and Class members without justification or authorization. Defendant also breached the Agreement

by placing prolonged and unexplained holds on funds, failing to release funds upon request, and failing to provide adequate notice or explanation for such actions.

66. As a proximate and direct result of Defendants' breaches, Plaintiff and the Class have sustained damages and will continue to sustain damages, in an amount to be proven at trial.

**COUNT IV – BREACH OF FIDUCIARY DUTY**

67. Plaintiff incorporates each and every paragraph of this Complaint by reference as fully stated and/or set forth herein, and further states and alleges as follows.

68. By accepting, holding, and maintaining funds in CardPointe accounts on behalf of Plaintiff and Class members, Defendants assumed the role of agents and custodians of those funds.

69. As such, Defendant owed fiduciary duties to Plaintiff and Class members, including the duties of loyalty, care, honesty, and full disclosure with respect to the handling and safeguarding of those funds.

70. Defendant breached these fiduciary duties to Plaintiff and the Class members by knowingly acting against their interests and in for Defendants' own financial interests, including by using or retaining funds for Defendants' own benefit without just cause.

71. Defendant further breached their fiduciary duties by withholding funds for extended periods without lawful justification, by failing to disclose the reasons for such holds, and by failing to provide a reasonable means for users to recover their funds.

72. As a direct and proximate result of Defendant's breaches of their fiduciary duties, Plaintiff and the Class have sustained damages and will continue to sustain damages, in an amount to be proven at trial.

**COUNT V – UNJUST ENRICHMENT**

73. Plaintiff incorporates each and every paragraph of this Complaint by reference as though fully stated and/or set forth herein, and further state and allege as follows.

74. As described herein, Plaintiff and the Class members conferred upon Defendant an economic benefit, specifically the funds unlawfully withheld by Defendants from CardPointe user accounts.

75. As a result of Defendant's actions set forth herein, including Defendants' unlawful withholding of funds without justification or authorization and their use pending resolution of this dispute, it would be unjust and unequitable for Defendants to retain such benefits at the expense of Plaintiff and the Class.

76. By unlawfully withholding these funds, Defendants have derived interest, investment gains, and other financial benefits to which they are not entitled.

77. Plaintiff and Class members are entitled to restitution of all amounts wrongfully withheld and to any profits or benefits Defendants obtained through their use of these funds.

**COUNT VI – VIOLATION OF THE TEXAS DECEPTIVE TRADE PRACTICES ACT**

78. Plaintiff incorporates each and every paragraph of this Complaint by reference as fully stated and/or set forth herein, and further states and alleges as follows.

79. At all material times hereto, Plaintiff was a consumer who purchased services from Defendant. Plaintiff and the other members of the Class were "consumers" within the meaning of the Texas Deceptive Trade Practices Consumer Protection Act (DTPA), Texas Business and Commerce Code section 17.45(4).

80. Defendant is a "person" as defined by § 17.45 of the Texas Business and Commerce Code.

81. Defendant's actions as set forth herein violate the Texas Deceptive Trade Practices Act ("DTPA").

82. The DTPA protects consumers from companies that engage in "false, misleading, or deceptive acts or practices"

83. Specifically, if an entity "represent[s] that an agreement confers or involves rights, remedies, or obligations which it does not have or involve" then it has violated the DTPA by engaging in false, misleading, or deceptive acts or practices. Tex. Bus. & Com. Code Ann. § 17.46(b)(12). Defendants represented that the payment processing services provided through the CardPointe platform had sponsorship, approval, characteristics, uses, benefits, or qualities that they did not have, in violation of section 17.46(b)(5) of the DTPA.

84. Defendant represented that the CardPointe services were of a particular standard, quality, or grade, namely that user funds would be safeguarded, accessible, and released promptly upon request, when they were not, in violation of section 17.46(b)(7) of the DTPA.

85. Defendant advertised the CardPointe services as providing reliable and accessible payment processing while concealing their practice of placing prolonged, unjustified holds on user funds, thereby advertising with the intent not to provide the services as represented, in violation of section 17.46(b)(9) of the DTPA.

86. Defendant represented that the Agreement with users conferred rights and remedies, specifically the right to access deposited funds without unreasonable delay, which it did not in practice confer, in violation of section 17.46(b)(12) of the DTPA.

87. Defendant failed to disclose information known at the time Plaintiff and Class members opened and maintained their CardPointe accounts, including that Defendants could and would hold funds for extended periods without cause or explanation. Defendants' failure to disclose was intended to induce Plaintiff and Class members to use the CardPointe platform and entrust their funds to Defendant, in violation of section 17.46(b)(24) of the DTPA.

88. Defendant breached express and implied warranties by failing to provide services in a good and workmanlike manner, in violation of section 17.50(a)(2) of the DTPA.

89. Defendant engaged in unconscionable actions or courses of action by exploiting the lack of knowledge, ability, experience, or capacity of Plaintiff and Class members to a grossly unfair degree, including by holding funds for excessive periods without notice or recourse, in violation of section 17.50(a)(3) of the DTPA.

90. Upon information and belief, Defendant's conduct was intentional, malicious, misleading, fraudulent and oppressive, and in conscious disregard of Plaintiff's rights and the rights of the Class.

91. Upon information and belief, Defendant's conduct was committed knowingly and intentionally, entitling Plaintiff and Class members to recover additional damages, including treble damages, and reasonable attorney's fees pursuant to the DTPA.

## FEDERAL CAUSES OF ACTION

## COUNT I - DECLARATORY RELIEF

92. Plaintiff incorporates each and every paragraph of this Complaint by reference as fully stated and/or set forth herein, and further states and alleges as follows.

93. As alleged herein, an actual controversy has arisen between Defendant on the one hand and Plaintiff and the Class members on the other, as to whether Defendant may unilaterally withhold funds from CardPointe user accounts without any justification or permission.

94. To resolve the legal and factual questions raised by Defendant and to afford relief from uncertainty, Plaintiff and the Class are entitled to issuance of an order stating their rights pursuant to 28 U.S.C. §§ 2201-02, and specifically declaring that Defendants are not entitled to unlawfully withhold funds from users' accounts without justification or permission.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and members of the Class pray as follows:

a. That the Court enter an order certifying the Class, appointing Plaintiff as representative of the Class, appointing Plaintiff's counsel as class counsel, and directing that reasonable notice of this action, as provided by Federal Rule of Civil Procedure 23(c)(2), be given to the Class;

b. For general, specific and compensatory damages, in an amount to be proven at trial;

c. For punitive and exemplary damages as permitted by law;

d. For a declaration of Plaintiff's and the Class members' rights with respect to those funds unlawfully withheld by Defendant;

e. That the Court enter an Order finding that all Defendant is liable for all damage caused to Plaintiff and the Class members;

f. For prejudgment and post-judgment interest as provided by law;

g. For costs of suit, including reasonable attorneys' fees; and

h. For such other and further relief as the Court may deem appropriate, proper and equitable.

**JURY TRIAL DEMAND**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff, on its own behalf and on behalf of all others similarly situated, hereby demand a trial by jury.

Respectfully submitted,

***/s/ Vincent P. Circelli***
Vincent P. Circelli
State Bar No. 24058804
vcircelli@dcclawfirm.com
Preston J. Dugas III
State Bar No. 24050189
pdugas@dcclawfirm.com
Sarah Arroyo
State Bar No. 24138756
sarroyo@dcclawfirm.com
**DUGAS & CIRCELLI, PLLC**
4800 Bryant Irvin Ct.
Fort Worth, Texas 76107
Telephone: (817) 817-7000
Facsimile: (682) 219-0761

**ATTORNEYS FOR PLAINTIFF AND CLASS MEMBERS**